No. 2108

Second Circuit

---

FIRST NATIONAL BANK OF WINN-FIELD v. CITIZENS BANK OF CAMPTI

---

(November 6, 1926. Opinion and Decree.)
(December 10, 1926. Rehearing Refused.)
(January 31, 1927. Judgment reversed by Supreme Court on Writ of Certiorari and Review.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Action—Par. 12.**

An action can only be brought by one having a real interest which he pursues. C. P. 15.

Appeal. from the Eleventh Judicial District Court of Louisiana, Parish of Natchitoches. Hon. J. W. Jones, Jr., Judge.

Action by First National Bank of Winnfield against Citizens Bank of Campti.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Wallace, Lyons & Peters, of Shreveport, attorneys for plaintiff, appellant.

Breazeale & Breazeale, of Natchitoches, attorneys for defendants, appellee.

REYNOLDS, J. This is a suit to recover $650.00, the amount of a draft drawn by the Perfection Curing Company September 25, 1920, on the Citizens Bank of Campti.

This draft was credited by the First National Bank of Winnfield to the drawer and sent by it to the Citizens Bank of Campti, arriving there September 28, 1920, and was held by that bank until October 11, 1920, and then returned to the Bank of Winnfield for lack of funds to the credit of the drawee, the Perfection Curing Company.

Defendant denied liability and specially alleged that it had no dealings of any kind with the Perfection Curing Company; carried no account with that company; that said company had no authority of any kind to draw a draft on the Citizens Bank of Campti; that the Citizens Bank of Campti was not under obligation to the Perfection Curing Company in any way and that the officers of the bank were without authority to bind the bank for the payment of the draft or the debts of the Perfection Curing Company.

On these issues the case was tried and there was judgment rejecting plaintiff's demand and plaintiff has appealed.

### OPINION

On the trial of this case Mr. A. L. Bryan, president of the plaintiff bank, testified, evidence, pages 4, 5, 6, 9:

"Q. On October 11th, when the check was returned to you, did you call up the Perfection Curing Co.?

"A. Yes, sir.

"Q. To pay it?

"A. I called on them to pay it or collect it.

* * * *

"Q. Did they do it?

"A. They did not.

"Q. Why didn't they? Didn't you sue them?

"A. They gave me a note for it.

"Q. The Perfection Curing Company gave you a note for it?

"A. Yes, sir.

"Q. And there you closed the matter up on the books?

"A. I carried it as a note.

"Q. Against the Perfection Curing Company?

"A. Yes, sir.

* * * *

"Q. When you called on them, as you stated, to either pay it or collect it, they closed the matter instead by giving you their personal note?

"A. They did.

* * * *

"Q. What did you do with the check?

"A. I delivered it to Lyons & Peters for collection, or sent it back for collection at their instance.

"Q. Who sent the note and who did you talk to about collecting the note?

"A. I talked to Lyons & Peters.

"Q. Both members of the Perfection Curing Company?

"A. So far as I know.

"Q. Mr. Lyons is president?

"A. I am not sure.

"Q. And gave him the check?

"A. I either gave it to him or sent it for collection.

"Q. If you had it in your possession it would be in your files?

"A. We would have it in our files. I do not think it is in our files. I do not know where it is.

"Q. You sue on that, don't you?

"A. We are suing on it.

"Q. And you have not got it?

"A. The record shows that it was sent out. Possibly the papers are destroyed.

* * * *

"Q. And you still hold the note?

"A. Yes.

"Q. Have you any guarantee for its payment?

"A. It is signed by the personal endorsement of Mr. Lyons and Mr. Peters.

"Q. It is perfectly good?

"A. Yes, sir; it is."

This evidence shows that insofar as the plaintiff is concerned the draft of the Perfection Curing Company on the Citizens Bank of Campti has been fully paid by the delivery to plaintiff of the promissory note of the Perfection Curing Company, which note is perfectly good, and that the matters sought to be adjudicated in this suit are the respective rights of the Perfection Curing Company and the Citizens Bank of Campti. The First National Bank of Winnfield is without standing in court to champion the rights of the Perfection Curing Company under Article 15 of the Code of Practice, which reads:

"An action can only be brought by one having a real and actual interest, which he pursues, but as soon as that interest arises he may bring his action."

The judgment of the lower court, rejecting plaintiff's demands, is correct, and accordingly is affirmed.